### FOSGATE v. NOCATEE FRUIT CO.

(District Court, S. D. Florida. May 31, 1924.)

No. 980–T.

1. Fraud ☞13(2)—Plaintiff, relying on representations as to acreage, induced to accept option, which he assigned on acreage basis, held to have action for deceit.

Where plaintiff, relying on defendant's representations that land was of specified acreage, was given option thereon and subsequently assigned option on acreage basis, and because of shortage was compelled to receive less than he would, if acreage had been as represented, held, that he had cause of action for deceit, whether representations were intentionally false or not.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Fraud ☞29—Right of action for misrepresentation in option not lost on assignment of option.**

Plaintiff may sue for misrepresentations as to acreage in option to purchase, notwithstanding he assigned the option, where he received less than he would, if the representations had been true.

**3. Torts ☞20—Tort-feasor liable to each person injured.**

If one commits tort, damaging several persons, tort-feasor is liable to each person injured.

**4. Fraud ☞18—Vendor and purchaser ☞37(2)—135 acres held not approximately 175 acres, specified in option.**

Slight variation in acreage of land, represented as containing "approximately" 175 acres would not be actionable, nor authorize cancellation of contract; but discrepancy of 40 acres was not covered by such description.

**5. Vendor and purchaser ☞37(2)—Purchaser may rely on vendor's statements as to acreage.**

Where purchaser is familiar with lands, maxim of caveat emptor applies; but he is not required to have them surveyed, but may rely on vendor's representations as to acreage.

**6. Pleading ☞194(4)—That plea negatives making representation covered by plea of not guilty does not make plea demurrable.**

That plea negatives making representation covered by plea of not guilty does not make plea demurrable.

**7. Fraud ☞18—Want of consideration held no defense to action on option under seal, for misrepresentation as to quantity.**

Want of consideration is no defense to action for false representations as to quantity of land in sealed option to purchase, which has been performed by vendor.

**8. Fraud ☞18—Sale for price aggregate held not to make purchaser remediless for false representations as to acreage.**

Though sale of realty was for price aggregate, and not by acre, the purchaser if injured by false representation as to area is entitled to recover.

**9. Fraud ☞18—No defense to action on option for false representations that assignee had knowledge thereof when he exercised option.**

It was no defense to action for damages in inducing acceptance of option by false representations as to acreage that assignee of option on acreage basis exercised option with full knowledge of shortage, and that plaintiff also knew it at that time.

**10. Estoppel ☞52—Arises where one by his words or acts induces another to change his position to his detriment.**

Estoppel generally arises where one by his words or acts induces another to change his position to his detriment.

**11. Estoppel ☞63—Assignor of option to purchase held not estopped by insisting assignee exercise option with knowledge of vendor's misrepresentations.**

Where plaintiff, induced to accept option by misrepresentations as to acreage, assigned option on acreage basis, fact that, after he knew of shortage and of defendant's refusal to abate price, he insisted that assignee exercise option, *held* not to estop him from claiming damages because of shortage, since it was his duty to minimize loss to defendant.

At Law. Action by L. E. Fosgate against the Nocatee Fruit Company. On plaintiff's demurrer to pleas, and defendant's demurrer to declaration. Demurrer to declaration overruled; demurrer to pleas sustained, with leave to defendant to file further pleas.

Marks, Marks & Holt, of Jacksonville, Fla., for plaintiff.

Leitner & Leitner, of Arcadia, Fla., and O. K. Reaves, of Tampa, Fla., for defendant.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CALL, District Judge. This cause comes on for a hearing upon the demurrers to the pleas to first, second, and third additional counts to the declaration. The defendant interposed 10 pleas to these counts. The plaintiff joined issue on the first and sixth pleas, and demurred and filed a motion to strike the second, third, fourth, fifth, seventh, eighth, ninth, and tenth pleas. In argument the defendant contends the declaration is bad, and the demurrer should be visited back upon the declaration.

[1] The first count in effect charges that the defendant, in consideration of the plaintiff relinquishing any claim he might have under a contract to purchase the properties, executed an option to him, his heirs and assigns, to purchase the properties covered by the contract of sale at a price stated within a stated time; that within the life of the option the plaintiff assigned it to a certain person, who within the option period exercised it and took over the properties; that the consideration for the assignment was that the assignee should pay the plaintiff the sum of $50,000; that the option, covering several pieces of real estate and personal property, contained the representation that the Nocatee grove, one of the pieces of real property covered by the option, contained approximately 175 acres, and lands surrounding aggregated 300 acres; that plaintiff believed and relied upon this representation, and was induced thereby to take the option, when in truth and fact the Nocatee grove contained approximately 135 acres, and the surrounding lands all contained about 225 acres; that defendant well knew that said representations as to acreage of the Nocatee grove and surrounding lands were false, and the plaintiff was ignorant of same, and relied upon such representations; that the grove was of great value, to wit, $1,000 per acre, and the surrounding lands of the value of $100 per acre, making a difference in value of more than $40,000; that, relying upon the representation of the acreage of the Nocatee grove and lands surrounding, the plaintiff negotiated the transfer of the option on the acreage basis to assignee; that on the 29th day of March, 1923, the assignee of the option exercised his right, and tendered the payments reserved in the option, and demanded deeds, when it was discovered that the Nocatee grove and surrounding lands did not contain the acreage represented, notwithstanding which discovery the assignee exercised the option and received deeds to the property covered therein; that plaintiff by reason of the shortage in acreage was compelled to receive from the assignee a sum less by $25,000 than he would, had the acreage been as represented, and claims this amount as his damages by reason of the false representation. The second count is like the first, except that, in lieu of alleging the knowledge of the defendant of the falsity of the representation, it alleges that the representation was recklessly, and without authentic information as to the truth or falsity thereof, made for the purpose of inducing the plaintiff to rely and act thereon. The third count is like the first, except, in lieu of alleging knowledge of the falsity of the representation of acreage, it alleges that the defendant for several years had been the owner of said lands, and from time to time had inspected, worked, cultivated, and fertilized the properties,

had gathered crops and other products therefrom, and had been afforded ample opportunity to know said lands and every part thereof, so that it either knew or should have known of the falsity of said representation. Each of the counts allege that the plaintiff did not know that the representation was false, but relied upon the truth of same.

[2-4] As I understand the law, each of these counts states a cause of action for deceit and false representation. It was stressed in argument that, the representation as to acreage being in the option as shown by the declaration, and it being further shown that plaintiff had assigned this to assignee, his right to sue for deceit was gone; that the representation could not be divorced from the option, and the right to sue for the deceit remain in the plaintiff, when he had assigned the option to his assignee. This I do not find to be the law, either on principle or the adjudicated cases which have been called to my attention. If one commits a tort which damages several persons, the tort-feasor is liable to each person injured by his tort. In the instant case, the representation, if false, was made to the plaintiff, and his assigns, either or all injured by such representation, would have had his cause of action, without regard to the others. It was also contended that the word "approximately," being used to express the acreage, shows that it was the expression of an opinion rather than the representation of a fact. This I do not agree with. Of course, a slight difference in acreage would not be actionable, nor authorize the cancellation of a contract; but a difference of 40 acres in the grove, represented to contain 175 acres, the most valuable part of the land, according to the declaration, would not be covered by the word "approximately," or any similar expression. I am of opinion, therefore, that these counts of the declaration are not amenable to the attack made upon them.

[5, 6] I now come to the pleas challenged by the demurrers. The second plea alleges that the defendant did not know the acreage of the property, and did not represent that it contained any given number of acres, and did not mislead or deceive the plaintiff in respect thereto, but the plaintiff was well acquainted with same, and was thoroughly familiar therewith, and had every opportunity to have measured same. Admitting that the plaintiff knew the premises and was familiar with same when the option was taken seem to me material facts. The fact that he had an opportunity to measure the land does not strike me as material. I do not understand the law to be that one, when shown lands, is negligent because he does not have them surveyed, but accepts the vendor's statement of the acreage. And the further fact that the plea negatives the making of the representation, which is covered by the plea of not guilty, does not in my judgment make the plea demurrable. The law applies the maxim of caveat emptor where the vendee is familiar with the lands and knows them thoroughly, although he is not required to measure them when shown the boundaries, and may accept the vendor's statement of the acreage and rely upon it under such circumstances. The plaintiff has moved to strike this plea on the ground that it tends to prejudice a fair trial of the

action. I think the plea, by pleading immaterial facts, facts covered by the plea of not guilty, is amenable to the motion to strike.

[7] The third plea restates much of the inducement contained in the declaration admitting same; then denies that defendant, in order to induce plaintiff to make the contract, which had been abandoned at the time of taking option, falsely made the representation; denies that the defendant made the representation, and denies that the option was given to induce plaintiff to abandon the prior contract; and then proceeds to set out the circumstances under which the option was given. If the plea states any facts material to the defense of the action, not covered by the plea of not guilty, it is apparently a want of consideration. This option was under seal, recognized by the defendant, and performed by it. Under these circumstances, I do not think the failure of consideration a defense. The demurrer to the third plea will be sustained.

The fourth plea alleges that the contract of purchase was not abandoned as an inducement for the option, and that there was no consideration for it. What I have said as to the third plea applies to this one. A very full discussion of the principles applicable to these two pleas is found in Aller v. Aller, 40 N. J. Law, 446. The demurrer will be sustained to this plea.

[8] The fifth plea alleges that the option covered several tracts of land and personal property of various kinds, and that the entire property covered by the option was for an aggregate price for the whole, and that plaintiff had been in possession of all of the properties for a long time and was thoroughly familiar therewith. I do not understand the law to be that, simply because a sale or option for a sale of real property is for a price aggregate and not by the acre, one injured by a false and fraudulent representation of the area is by reason of that fact without remedy. The plea containing this immaterial allegation, together with other allegations, as noticed above, is amenable to the motion to strike.

The seventh plea is much the same as the fifth plea, except the allegation contained in the fifth plea of the familiarity of the plaintiff with the properties is not repeated. The fact that the entire properties were to be sold for an aggregate price is not a defense to the cause of action alleged in the declaration. The demurrer to this plea will be sustained.

[9-11] The eighth plea in effect alleges that the assignee of the option, after a full knowledge of number of acres of the real property and the condition of the personal property, exercised the option and took conveyance of said properties. The ninth plea alleges the same facts, with the addition that the plaintiff well knew this and assented to it. The tenth plea is like the eighth, with the addition that the plaintiff knew of the facts, and insisted that the assignee exercise the option, and further that the defendant refused to allow any abatement on account of shortage of area, and that the plaintiff with this knowledge made his own terms with the assignee. I am of opinion that the eighth and ninth pleas do not set out facts which, if true, constitute a defense. The demurrers to these pleas will be sustained.

The tenth plea claims that the facts therein set out work an estoppel upon the plaintiff to maintain this suit. An estoppel generally arises where one by his words or acts induces another to change his position to his detriment. Such cannot be said of the facts in this 'plea. The defendant performed what the option required it to do, and by so doing the damage the plaintiff claims was reduced one-half. The assignee of the option, upon the principle of the decided cases, could not, after taking the properties with a knowledge of the abatement of the area in the Nocatee grove, maintain a suit for the value of such abatement, but the plaintiff occupies a different position. His contract with the assignee was upon an acreage basis, and it was his duty to minimize the damage to the defendant, and this he apparently did by the allegations of the plea. The demurrer to the tenth plea will be sustained.

Leave will be given the defendant to file such further 'pleas as it may be advised.